IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GUY BORDES AGNANT, JR., | * | |
| | * | |
| Petitioner, | | Criminal No. RDB-14-0389 |
| | * | |
| v. | | Civil Action No. RDB-16-0680 |
| | * | |
| UNITED STATES OF AMERICA, | | |
| | * | |
| Respondent. | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

The *pro se* Petitioner Guy Bordes Agnant, Jr. ("Petitioner" or "Agnant") pled guilty before this Court to Attempted Possession with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846.[1] J., p. 1, ECF No. 255. Subsequently, this Court sentenced Petitioner to 120 months imprisonment, followed by five years of supervised release. *Id.* at 2–3. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 369). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons discussed herein, Petitioner's Motion to Vacate (ECF No. 369) is DENIED.

---

[1] As discussed *infra*, Petitioner was one of nine Defendants charged via a ten-count Indictment in this case (ECF No. 70). The Indictment charged all nine Defendants with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 846 (Count 1) and charged each Defendant with one additional count of Attempted Possession with Intent to Distribute Heroin and/or Cocaine, in violation of 21 U.S.C. § 846 (Counts 2-10). Pursuant to a Plea Agreement with the Government, Petitioner pled guilty to Attempted Possession with Intent to Distribute (Count 4), and the Government dismissed the Conspiracy charge (Count 1) as to Petitioner.

BACKGROUND

Pursuant to a Plea Agreement with the Government, Petitioner Guy Bordes Agnant, Jr. ("Petitioner" or "Agnant") has "stipulate[d] and agree[d] that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt:"

On August 6, 2014, the Federal Bureau of Investigation's ("FBI") Safe Streets Squad arrested an individual [referred to as "CD" in the Plea Agreement, but subsequently identified as Michael Barrett ("Barrett")] as he attempted to take possession of multiple kilograms of cocaine. Plea Agreement, Attachment A, p. 8, ECF No. 167. Subsequently, Barrett agreed to cooperate with the FBI and placed a series of consensual calls to several of his "customers." *Id.* On August 11, 2014, "[a]s a result of" Barrett's calls, "Agnant indicated a desire to purchase in excess of five kilograms of cocaine." *Id.* Agnant then took "substantial steps toward the commission of the crime of possession with intent to distribute cocaine" by traveling to an arranged meeting location in Baltimore. *Id.* "Once [Agnant] made it to the CD's vehicle, he was placed under arrest." *Id.*

Several additional individuals responded to Barrett's calls and were subsequently arrested when they travelled to meet him. In addition to Agnant, law enforcement arrested Jermaine Cannady ("Cannady"), Antoine De-Marr Washington ("Washington"), Vincent Cooper ("Cooper"), Cornell Dion Brown, Jr. ("Brown"), Dominic William Parker ("Parker"), Ronald Timothy Sampson ("Sampson"), Donte Eugene Taylor ("Taylor"), and Tavon Hopkins ("Hopkins") (collectively "Defendants"). On August 21, 2014, a Grand Jury returned a ten-count Indictment (ECF No. 70) charging all nine Defendants with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin "in or about

November 2013 through in or about August 2014," in violation of 21 U.S.C. § 846 (Count 1), and charging each Defendant with one additional count of Attempted Possession with Intent to Distribute Heroin and/or Cocaine, in violation of 21 U.S.C. § 846 (Counts 2-10).

Pursuant to Plea Agreements with the Government, Defendants Agnant, Washington, Cooper, Taylor, and Hopkins each pled guilty to one of the charged offenses, in exchange for the Government dropping the other charge. Specifically, Agnant, Washington, Taylor, and Hopkins pled guilty to Attempted Possession with Intent to Distribute Cocaine (Counts 2, 4, 9 & 10 respectively), and the Government dismissed Count 1, the Conspiracy charge, as to those Defendants. *See* Agnant J., p. 1, ECF No. 255; Washington J., p. 1, ECF No. 250; Taylor J., p. 1, ECF No. 252; Hopkins J., p. 1, ECF No. 231. Cooper pled guilty to Conspiracy (Count 1), and the Government dismissed the Attempted Possession charge against Cooper (Count 7). *See* Cooper J., p. 1, ECF No. 220. All five Defendants were sentenced by this Court. This Court sentenced Agnant to 120 months imprisonment, followed by five years of supervised release. Agnant J., p. 2–3, ECF No. 255.

The remaining four Defendants, Cannady, Brown, Parker, and Sampson, went to trial in March of 2015. Following a nine-day jury trial in this Court, Defendants Cannady, Brown, Parker, and Sampson were found guilty on all counts, including Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Count 1) *and* Attempted Possession with Intent to Distribute Cocaine (Counts 3, 5, 6 & 8 respectively). Verdict Sheet, ECF No. 202 [SEALED]. Michael Barrett testified as a key witness for the Government at trial. All Defendants were subsequently sentenced by this Court.

In January of 2016, counsel for the Government submitted to Defense counsel a single handwritten sheet of paper (ECF No. 373-1) that they "had not seen previously," although it "had been seized by the FBI [prior to trial] during the execution of a search warrant at Michael Barrett's residence." Letter, p. 1, ECF No. 373-1.  The Government spoke to Barrett about the handwritten sheet, and he "advised that the document reflected notations as to payments received for portions of drugs sold and any money shortages regarding those payments." *Id.*

Subsequently, Defendants Cannady, Brown, Parker, and Sampson filed a Joint Second Motion for New Trial (ECF No. 373) on the grounds that the Government's failure to disclose the handwritten sheet *prior to trial* violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972).  To prove a *Brady* violation, a defendant must show that the undisclosed evidence was (1) favorable to the defendant; (2) material; and (3) that the prosecution had the material and failed to disclose it. *Moore v. Illinois*, 408 U.S. 786, 794–95 (1972), accord, *United States v. Horton*, 693 F.3d 463, 470 (4th Cir. 2012); *United States v. King*, 628 F.3d 693, 701–02 (4th Cir. 2011).

On December 13, 2016, this Court conducted a hearing on the Defendants' Joint Second Motion for New Trial.  Following several hours of argument by both Defense counsel and Government counsel, this Court ultimately granted Defendants' Cannady, Brown, Parker, and Sampson's Joint Second Motion for New Trial (ECF No. 373) and vacated its prior Judgments against those Defendants, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. *See* Order, ECF No. 403.  For the reasons stated on the record at the conclusion of the December 13, 2016 hearing, this Court held that a *Brady* violation

had occurred, but only with respect to Count 1, the Conspiracy charge against all Defendants. Specifically, this Court found that the Government had the handwritten sheet (ECF No. 373-1) in its possession prior to trial, yet failed to disclose it to Defendants. This Court found that the handwritten sheet was both "favorable" and "material," but *only with respect to* the charged Conspiracy to Distribute and Possess with Intent to Distribute (Count 1). This Court concluded that the handwritten sheet was fundamental to the Defense's ability to challenge Barrett's testimony as to the existence of the charged conspiracy. This Court *did not find* that the handwritten sheet was both "favorable" and "material" with respect to Attempted Possession with Intent to Distribute Cocaine (Counts 3, 5, 6 & 8).

At the hearing on the Joint Second Motion for New Trial (ECF No. 373) filed by Defendants Cannady, Brown, Parker, and Sampson, this Court noted that there had been previous motions to sever Count 1, the Conspiracy charge, from Counts 3, 5, 6 & 8, in which those four Defendants were each individually charged with one count of Attempted Possession with Intent to Distribute Heroin and/or Cocaine. In light of the *Brady* violation as to the Conspiracy charge, this Court concluded that it was infeasible to order a new trial only with respect to the charged Conspiracy, but not also with respect to the individual charges of Attempted Possession with Intent to Distribute. Accordingly, this Court vacated its prior Judgments in their entirety and ordered a new trial as to all counts. Issues of severance as to Defendants and/or individual counts may be addressed prior to the new trial for the Defendants Cannady, Brown, Parker, and Sampson. This Court's ruling in no way affects Agnant's plea of guilty to Attempted Possession with Intent to Distribute 5 kilograms or more of Cocaine (Count 4).

In his pending Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 369), Agnant seeks to withdraw his guilty plea and proceed to trial. He argues that his guilty plea was "unknowingly and unintelligently given." Mot., p. 8, ECF No. 369; Reply, ECF No. 394.  Additionally, Agnant argues that his court-appointed counsel rendered ineffective assistance, in violation of his rights under the Sixth Amendment to the United States Constitution. *See* Mot., ECF No. 369; Reply, ECF No. 394.  Further, although he did not proceed to trial in this case and was not a party to Defendants' Joint Second Motion for New Trial (ECF No. 373), Agnant argues that his conviction "was premised upon the Government's misrepresentation of the facts" because the Government failed to disclose the handwritten sheet ("ledger-sheets") to Defense counsel prior to Agnant's acceptance of the Plea Agreement. Reply, ECF No. 394.

<u>STANDARD OF REVIEW</u>

*Pro se* filings are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).   Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255.  "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

DISCUSSION

## I.   Guilty Plea

Petitioner argues that his guilty plea was "unknowingly and unintelligently given" because it was "based upon his attorney's gross misrepresentation of the facts." Mot., p. 8, ECF No. 369.  A valid guilty plea requires an "affirmative showing [by the defendant] that [the plea] was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242 (1969).  This affirmative showing cannot come from a "silent record," but rather must involve "a thorough, on-the-record inquiry." *Savino v. Murray,* 82 F.3d 593, 603 (4th Cir. 1996) (referencing *Boykin,* 395 U.S. at 243–44).

The United States Court of Appeals for the Fourth Circuit has long recognized that "in-court representation[s] from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later." *Id.* at 603.  "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson,* 81 F.3d 1300, 1308 (4th Cir. 1996) (quoting *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992)) (quotation marks omitted).  Finally, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster,* 403 F.3d 216, 221–22 (4th Cir. 2005).

Petitioner's claim that his guilty plea was "unknowingly and unintelligently given" is without merit. Mot., p. 8, ECF No. 369.  On the record at Petitioner's Rearraignment

hearing, this Court carefully confirmed that Petitioner understood the nature of the charge to which he was pleading guilty. This Court clarified with Petitioner, on the record, the rights he would waive by pleading guilty, including the right to a trial. Rearraignment Tr., p. 25, ECF No. 161. Prior to accepting Petitioner's guilty plea, this Court thoroughly questioned Petitioner about his intention to plead guilty. *Id.* at 4–30. As discussed *infra*, Petitioner stated on the record that he was fully satisfied with his counsel's assistance throughout the guilty plea process and understood the terms of the Plea Agreement. *Id.* at 6–17. When asked whether he understood the offense to which he was pleading guilty, Petitioner responded, "[y]es sir." *Id.* at 11.

Petitioner makes no suggestion in the pending Motion that his guilty plea was not in full compliance with Rule 11 of the Federal Rules of Criminal Procedure, nor has he challenged the above-referenced record of his Rule 11 procedings. The Fourth Circuit has made clear that "conclusory post-plea assertions that [a] plea was not knowing and voluntary … fail to overcome the barrier of the sworn statements made at [a] Rule 11 hearing." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). For these reasons, Petitioner's first argument fails.

## II.     Ineffective Assistance of Counsel Claim

Petitioner claims that his Sixth Amendment right to effective assistance of counsel was violated. Mot., p. 9–22, ECF No. 369. Specifically, he claims that his counsel's failure to argue that his conspiracy charge was based on the "uncorroborated testimony" of an accomplice prejudiced his defense. *Id.* at 9. Additionally, Petitioner objects to his counsel's failure to argue that there was a "fatal variance between the facts alleged in the indictment

8

and the proof at the Petitioner's plea hearing." *Id.* at 22.

To establish ineffective assistance of counsel, Petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was deficient, such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was prejudicial, meaning the defendant was "deprive[d] . . . of a fair trial." *Id.* at 687. To demonstrate such prejudice, Petitioner must show there was a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for Petitioner to obtain the relief he is seeking. *Id.* at 687.

In the plea bargaining context, "claims of ineffective assistance of counsel . . . are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill*, 474 U.S. at 57). However, the "prejudice prong of the test is slightly modified" in that Petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59).

In this case, Petitioner is incapable of demonstrating ineffective assistance because he explicitly indicated on the record at his Rearraignment that he was satisfied with his counsel's

representation and that he was voluntarily pleading guilty to Attempted Possession with Intent to Distribute Cocaine (Count 4).  This Court asked Petitioner the following questions:

| | |
|---|---|
| THE COURT: | Mr. Agnant, do you understand that you're now under oath? |
| DEFENDANT AGNANT: | Yes. |
| THE COURT: | Are you fully satisfied with Mr. Woods and his representation and the advice which he's given you? |
| DEFENDANT AGNANT: | Yes, sir. |
| THE COURT: | Is there anything you have asked Mr. Woods to do which he has not done? |
| DEFENDANT AGNANT: | No, sir. |
| THE COURT: | Are you pleading guilty on your own freely and because you are in fact guilty? |
| DEFENDANT AGNANT: | Yes, sir. |
| THE COURT: | Are you satisfied, then, that you understand the possible consequences of your plea of guilty here this afternoon? |
| DEFENDANT AGNANT: | Yes, sir. |

Rearraignment Tr., p. 6, 8, 11, and 17, ECF No. 161.

Petitioner repeatedly affirmed his understanding of the Plea Agreement, his rights, and the charge to which he was pleading guilty, and Petitioner indicated that he was satisfied with his attorney's representation. *Id.*  "The Petitioner's colloquy . . .  more than satisfies the concerns articulated in *Boykin*" regarding the importance of ensuring the voluntary nature of a guilty plea. *Savino,* 82 F.3d at 603.  In the *Lemaster* case, the Fourth Circuit instructed

district judges to "dismiss any § 2255 motion that necessarily relies on allegations that contradict the [Petitioner's] sworn statements." *Lemaster,* 403 F.3d at 221.

Furthermore, Petitioner's argument with respect to the conspiracy charge is groundless. Petitioner pled guilty only to attempted possession with the intent to distribute five kilograms or more of cocaine (Count 4). *See* Plea Agreement, ECF No. 167. The conspiracy charge (Count 1) against Petitioner was dismissed pursuant to the Plea Agreement. *See* Agnant J., p. 1, ECF No. 255. Petitioner stipulated in the Plea Agreement to the facts the Government would need to prove at trial with respect to Attempted Possession with Intent to Distribute. Plea Agreement, Attachment A, p. 8–9, ECF No. 167. These facts were read into the record at Petitioner's Rearraignment and, when asked whether that summary of facts was accurate, Petitioner responded on the record, "[y]es, sir." Rearraignment Tr., p. 26–30, ECF No. 161. As discussed *supra*, Petitioner stated on the record before this Court that he was fully satisfied with his counsel's representation. *Id.* at 8. He subsequently entered a guilty plea and affirmed on the record that he had committed the offense charged in Count 4 of the Indictment. *Id.* at 30. Accordingly, Petitioner's second argument for post-judgment relief is without merit.

## III.   Misjoinder Claim

Petitioner claims that the defendants in this case were improperly joined. Mot., p. 23, ECF No. 369. Specifically, he argues that there was never a single conspiracy, but instead multiple conspiracies between Barrett and each of the nine defendants. *Id.* at 24–27; Reply, p. 3, ECF No. 394. However, Petitioner's misjoinder argument has no bearing on his guilty plea to the individual charge of Attempted Possession with Intent to Distribute Cocaine

(Count 4).[2]   As noted *supra*, Petitioner stipulated to the facts of this case, recited by the Government at his Rearraignment, which were sufficient to prove the *Attempted Possession* charge. Rearraignment Tr., p. 26–30, ECF No. 161.   The Conspiracy charge (Count 1) against Petitioner was dismissed.   Petitioner knowingly and voluntarily pled guilty to Count 4.   Therefore, Petitioner's third argument for post-judgment relief fails.

## IV.   The Single Handwritten Sheet

In his Reply brief, Petitioner contends that "the factual and legal basis to support [his] conviction was premised upon the government's misrepresentation of the facts." Reply, p. 2, ECF No. 394.   Specifically, Petitioner argues that the Government perpetrated a "fraud upon the court" by failing to present the "ledger-sheets" to the defense prior to Petitioner's guilty plea. *Id.*   He reiterates that his plea was "unknowingly and unintelligently given" because of his attorney's and the government's misrepresentation of the facts. *Id.* at 1–2.

As discussed *supra*, this Court has conducted a hearing on Defendants Cannady, Brown, Parker, and Sampson's Joint Second Motion for New Trial (ECF No. 373) on the grounds that the Government's failure to disclose this handwritten sheet *prior to trial* violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). Following that hearing, this Court held that a *Brady* violation had occurred, but only with respect to Count 1, the Conspiracy charge against all Defendants.   This Court *did not find* that the handwritten sheet was both "favorable" and "material" with respect to Attempted Possession with Intent to Distribute Cocaine (Counts 3, 5, 6 & 8).

---

[2] Petitioner inaccurately states that he "[pled] guilty to the overall conspiracy," but Petitioner pled guilty solely to the *Attempted Possession* charge (Count 4).

Because Petitioner pled guilty *only to* Attempted Possession with Intent to Distribute Cocaine (Count 4), he cannot demonstrate that he was prejudiced in any way by the Government's non-disclosure of the handwritten sheet. At the December 13, 2016 hearing, this Court found that the handwritten letter was only "favorable" and "material" to the extent that it would have aided the Defense in challenging the existence of the charged *conspiracy*. As discussed *supra*, Petitioner has stipulated to the facts the Government would prove with respect to the *Attempted Possession* charge. Petitioner has stipulated that he "expressed an interest to purchase 5 kilograms of cocaine" and travelled to a meeting location in Baltimore, taking "substantial steps toward the commission of the crime of possession with intent to distribute cocaine," and that "[b]ut for Agnant's arrest, as well as that of the CD previously, the crime would have been completed." Plea Agreement, Attachment A, p. 9, ECF No. 167. Accordingly, Petitioner is not entitled to post-judgment relief.

CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 369) is DENIED.[3]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial

---

[3] Accordingly, Petitioner's Motion to Appoint Counsel (ECF No. 400) to aid him in advancing the arguments addressed herein is also DENIED.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:          January 13, 2017

_____/s/_____
Richard D. Bennett
United States District Judge