IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-14-0389 |
| GUY BORDES AGNANT JR., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Guy Bordes Agnant, Jr. ("Agnant") is a 45-year-old federal prisoner who is serving a 120-month sentence for attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (Judgment, ECF No. 255.) Agnant consented to the mandatory minimum sentence of 10 years in his Rule 11(c)(1)(C) Plea Agreement (ECF No. 167). Now pending is Agnant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 545.) Through the instant motion, Agnant asks this Court to reduce his sentence to time served, to be followed by a three-year term of supervised release. (*Id.* at 3.) The Government opposes this motion. (*See* Gov't Resp. Opp., ECF No 556 \*SEALED\*.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendant Guy Bordes Agnant, Jr.'s Motion for Compassionate Release (ECF No. 545) is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

The underlying facts of Agnant's offense are set forth in his Plea Agreement, which was executed on February 25, 2015. (Plea Agreement, ECF No. 167.) The parties stipulate that

Agnant took substantial steps towards the commission of the crime of possession with intent to distribute cocaine. (Plea Agreement 9.) On August 6, 2014, the FBI's Safe Streets Squad arrested an individual (designated "CD") for drug offenses. (*Id.* at 8.) CD agreed to cooperate with the FBI. (*Id.*) During a series of calls between CD and Agnant on August 11, 2014, Agnant expressed an interest in purchasing five kilograms of cocaine, and CD agreed to meet Agnant to conduct the transaction. (*Id.*) At approximately 4:50 p.m. on August 11, 2014, Agnant arrived at the agreed-upon location, parked his car, and approached CD's vehicle where he was placed under arrest. (*Id.* at 9.)

Agnant, along with eight other defendants, was charged in a ten-count federal indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of Attempted Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). (Indictment, ECF No. 70.) Agnant entered his plea of guilty pursuant Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement.) Agnant and the Government agreed that Agnant would plead guilty to the Attempted Possession with Intent to Distribute Cocaine count in exchange for the Government's sentencing recommendation of 120 months—the applicable mandatory minimum—and a dismissal of the conspiracy count. (*Id.*) On May 28, 2015, this Court accepted the Plea Agreement, and sentenced Agnant to the agreed-upon period of 120 months with credit for time served since August 11, 2014, followed by a five-year term of supervised release. (Judgment 1–3, ECF No. 255.)

On February 3, 2021, Agnant filed the pending Motion for Compassionate Release (ECF No. 545). In support of this motion, Agnant argues that the risk of contracting COVID-

19 due to his underlying medical conditions, along with his evidence of rehabilitation, his stable release plan, and the limited duration remaining on his sentence, support reducing his sentence to time served, followed by three years of supervised release on his § 846 conviction. (Def.'s Mot., ECF No. 545; Def.'s Reply, ECF No. 550.) Agnant is designated to the Federal Correctional Institution Fairton ("FCI Fairton") in Fairton, New Jersey. (ECF No. 545-1.) His scheduled release date is March 29, 2023, and he will become eligible for home detention on September 29, 2022. (ECF No. 545-5.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

    **I.**    **Administrative Exhaustion Requirements**

Agnant has satisfied the preconditions to filing his Motion for Compassionate Release. On June 22, 2020, Agnant sent a letter to the Warden of FCI Fairton, NJ, requesting compassionate release on the same grounds alleged in this motion. (Letter to Warden, ECF No. 545-1.) The Government does not contest that Agnant properly submitted this request. (Gov't Resp. Opp. 4.) As more than 30 days have elapsed since Agnant submitted his request to the Warden, his motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

## II. Extraordinary and Compelling Reasons

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's Guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*,

981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

This Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. See, e.g., *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). Agnant is presently 45 years old and has a history of hypertension, and has suffered a stroke. (Medical Records, ECF. No. 545-3.) The United States Centers for Disease Control and Prevention ("CDC") has identified hypertension and cerebrovascular diseases, such as stroke, as conditions that place individuals diagnosed with such conditions at a higher risk for severe illness from COVID-19. *See People with Certain Medical Conditions*, Ctrs. For Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 14, 2022). Although the Government correctly notes that Agnant had recent examples of normal blood pressure readings, Agnant's history suggests that he faces a significant risk for severe illness from the virus. (Gov't Resp. Opp. 8.) Likewise, although he has been fully vaccinated against COVID-19, "the fact of vaccination

does not defeat every underlying health condition that might otherwise render an individual eligible for compassionate release." *United States v. Moore*, No. ELH-18-431, 2022 WL 137865, at *13 (D. Md. Jan. 14, 2022).

The risks posed by these medical conditions are compounded by the conditions at FCI Fairton. At the present time, FCI Fairton is operating at Operational Level 3—a set of infection prevention procedures that are imposed when a facility's medical isolation rate is greater than 7%, its vaccination rate is less than 50%, or its community transmission rate is more than 100 per 100,000 over the last seven days. Fed. Bureau of Prisons, *COVID-19: Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Apr. 6, 2022).[1] A Level 3 designation requires the facility to make intense modifications to its operating procedures to mitigate the risk and spread of COVID-19. *Id.* Since the onset of the pandemic, 230 inmates and 126 correctional staff at FCI Fairton have contracted COVID-19 and subsequently recovered. *Id.* The continued spread of COVID-19 at FCI Fairton augments the concerns presented by Agnant's stroke and hypertension, suggesting that Agnant faces a significant risk of severe illness from the virus. Accordingly, this Court finds that Agnant has presented "extraordinary and compelling reasons" that could warrant compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

### III.    18 U.S.C. § 3553(a) Factors

In either case, "the coronavirus is not tantamount to a get out of jail free card." *United States v. Hiller*, ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020). Even if Agnant's susceptibility to COVID-19 constitutes an extraordinary and compelling

---

[1] The Court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201.

circumstance, this Court must make an individualized assessment under 18 U.S.C. § 3553(a) to determine his eligibility for release. The § 3553(a) factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4.

Agnant's offense and criminal history are serious. Agnant was part of a multi-defendant conspiracy to distribute a significant quantity of cocaine. His criminal history reflects four prior convictions: a 2000 conviction for driving under the influence; a 2001 drug conviction; a 2004 firearm possession conviction; and a 2004 involuntary manslaughter conviction in the District of Columbia. (Presentence Investigation Report ("PSR") 8–10, ECF No. 168.) Further, Agnant committed the instant drug offense while on supervised release for his 2004 involuntary manslaughter conviction. (Plea Agreement 4.) The 120-month mandatory minimum sentence consented to by the parties reflects the gravity of these considerations.

Nevertheless, Agnant's offense involved neither weapons, allegations of violence, nor minors. While his criminal history is significant, Agnant has served over 75% of his sentence, and will be eligible for home detention in just six months. (ECF No. 545-5.) Additionally, Agnant's incarceration in the midst of a global pandemic has "sufficiently increased the severity of the sentence beyond what was originally anticipated such that the purposes of sentencing are fully met even with the proposed reduction." *United States v. Green*, TDC-10-

7

761, 2020 WL 2992855, at *4 (D. Md. June 4, 2020). The pandemic has subjected inmates to greater risk of COVID-19 given the difficulties of implementing social distancing measures in a penal setting. *United States v. Riley*, ELH-16-0402, 2020 WL 3034843, at *5 (D. Md. June 4, 2020). These concerns are aggravated for inmates like Agnant, who suffers from pre-existing conditions that increase his susceptibility to the virus. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 14, 2022). To the extent that Agnant's offense and criminal history are serious, the time he has already served has reflected that seriousness and promoted respect for the law.

Moreover, Agnant's personal history, characteristics, and rehabilitation efforts weigh in favor of release. Aside from an isolated incident in which he was found in possession of marijuana, Agnant has maintained a clean record while incarcerated. (ECF No. 545-6.) The BOP has accordingly classified Agnant as presenting a low risk of violence. (ECF No. 560-1.) Agnant has also engaged in several educational courses and programming, and has maintained employment at FCI Fairton. (ECF No. 545-7; Def.'s Reply 2.) It is unlikely that Agnant will have access to further rehabilitative services during the final year of his sentence, as the pandemic has significantly impacted the accessibility of programming. (Def.'s Reply 2.) Agnant also represents that he will have access to family and support services if he is released. Specifically, Agnant plans to live with his sister, who has a successful career in Human Services. (ECF No. 545-2; Def.'s Reply 9.) He also plans to work at Empire Today in Virginia, and provide support to his elderly mother and his son. (Def.'s Reply 9; Def.'s Mot. 13.) In addition, Agnant will be closely monitored during three years of supervised release, reducing the

8

potential for recidivism. His conditions of supervised release require him to report to a probation officer, and to participate in substance abuse and mental health treatment as well as vocational or educational programming. (Judgment 4.) As Agnant has served a significant portion of his sentence, has taken advantage of programming, and has a stable release plan, this Court finds that a reduction in his sentence is appropriate.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 12th day of April, 2022, that Defendant Guy Bordes Agnant, Jr.'s Motion for Compassionate Release (ECF No. 545) is **GRANTED IN PART** and **DENIED IN PART.** Specifically:

- Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Agnant's sentence is reduced to time served, such that he is to be released from custody of the Bureau of Prisons as soon as the terms of this Order can be implemented;

- Consistent with the Judgment and Commitment Order entered in this case, Defendant Guy Bordes Agnant, Jr. shall be placed on supervised release for a term of five years upon release from imprisonment;

- Defendant Guy Bordes Agnant, Jr. shall begin his five-year period of supervised release with the additional condition that during the first 12 months he shall be placed on home detention with electronic home monitoring and shall reside in a location deemed appropriate by the United States Probation Office;

- An Amended Judgment & Commitment Order shall be prepared to reflect Defendant Guy Bordes Agnant, Jr.'s reduction in sentence;

- Prior to his release from custody, the Bureau of Prisons is directed to place Defendant Guy Bordes Agnant, Jr. in quarantine for a period of 14 days;

- Upon completion of the 14-day quarantine period, the Bureau of Prisons shall forthwith release Defendant Guy Bordes Agnant, Jr. from custody; and

- Defendant Guy Bordes Agnant, Jr. shall report to the probation office in the district to which he is released within 72 hours of his release from custody.

- Pretrial/Probation will review the conditions of release with Defendant Guy Bordes Agnant, Jr.

Date: April 22, 2022

_____/s/_____
Richard D. Bennett
United States District Judge